IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKI Y. STEPHENS, Trustee of the Stephens Children's Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-1357-L |
| CITY OF ANADARKO, a Municipal Corporation; J. T. McCasland, Trustee of the ANADARKO PUBLIC WORKS AUTHORITY, a public Trust; ENVIRONMENTAL PROTECTION AGENCY; and OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the court on the Motion to Dismiss filed by the United States Environmental Protection Agency ("EPA"). Plaintiff Vicki Y. Stephens as Trustee of the Stephens Children's Trust ("Trustee") alleges that the EPA has failed to perform certain non-discretionary duties with respect to a landfill located on property owned by Trustee in Caddo County, Oklahoma. Trustee's action is brought pursuant to the "citizen suit" provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a), which allows claims against the EPA only where there is an alleged failure of the EPA to perform any act or duty which is not discretionary. EPA argues that because Trustee's claims are not

based on EPA's failure to perform duties that are mandatory under RCRA, the claims against EPA must be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Federal courts are courts of limited jurisdiction and there is a presumption against federal court jurisdiction. Basso v. Utah Power and Light Company, 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted). The party invoking the federal court's jurisdiction bears the burden of proof and has the duty to establish that federal jurisdiction does exist. Id. The party claiming federal court jurisdiction exists is required to show it by a preponderance of the evidence. Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994). Mere conclusory allegations of federal court jurisdiction are insufficient. Penteco Corp. Ltd. Partnership v. Union Gas Sys. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).

In considering a motion for dismissal under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007). If the plaintiff fails to nudge its claims across the line from conceivable to plausible, the complaint must be dismissed. Id.

The court has carefully reviewed the briefs submitted by the parties, including the Trustee's response and surreply briefs and EPA's reply brief. Based upon this review, the court determines that dismissal of Trustee's claims against EPA is appropriate.[1]

Because 42 U.S.C. § 6972(a) only allows claims against the EPA where there is an alleged failure of the EPA to perform any act or duty which is not discretionary, the court must initially determine whether Trustee has alleged the breach of a nondiscretionary duty. In the response to EPA's Motion to Dismiss, Trustee claims that EPA has misconstrued the scope of the relief requested in Trustee's Complaint. For purposes of this order, the court finds it appropriate to look to Trustee's own characterization of its claims against the EPA in determining whether Trustee has in fact alleged the breach of any duty that is not discretionary. In this connection, the court notes that Trustee asserts it is not merely seeking an order compelling the EPA to enforce RCRA. Trustee's Response, Doc. No. 33, p. 5. Rather, Trustee seeks to have EPA fulfill its alleged nondiscretionary duty to review Oklahoma's Solid Waste Management Plan and to "act accordingly." Response, p. 6. Trustee maintains that EPA's authority in this regard is derived from both (1) RCRA section 4007, 42 U.S.C. § 6947(a), and (2) 40 C.F.R. § 239.13(b). Trustee's Response, p. 6. As stated by Trustee, RCRA section 4007, 42 U.S.C. § 6947(a), provides: "[EPA] shall review approved

---

[1] This order does not address dismissal motions filed by other defendants.

plans from time to time. . . ".  The second provision, 40 C.F.R. § 293.13(b), provides: "Upon receipt of substantive information sufficient to indicate that a state program may no longer be adequate, the Regional Administrator shall inform the state in writing of the information."  Noting that 40 C.F.R. § 239.13(a) allows discretionary action by the EPA to seek a basis for withdrawal of a determination of adequacy *sua sponte*, Trustee nevertheless argues that 40 C.F.R. § 239.13(b), on the other hand, dictates a mandatory duty for EPA upon notice that the state's program may be inadequate.  Trustee's Response, p. 6.

In its Reply, EPA disagrees that the provisions cited by the Trustee impose mandatory duties on the agency.  EPA contends that the plain language of section 4007, 42 U.S.C. § 6947, ("[EPA] shall review approved plans from time to time. . . ") clearly establishes that Congress gave EPA the discretion to decide when a review is necessary.  Citing Sierra Club v. Thomas, 828 F.2d 783, 792 (D.C. Cir. 1987),[2] EPA argues that there is a nondiscretionary duty of timeliness only where the agency operates under a "readily-ascertained deadline."  Reply, p. 4-5.  The court agrees that the § 6947 language providing for review "from time to time" does not identify a readily-ascertained deadline and thus does not impose a mandatory duty of review on the EPA.  As stated in Sierra Club, "[i]n the absence of a readily-ascertainable deadline, therefore, it will be almost impossible to

---

[2] As noted by the EPA, the Sierra Club case addresses the citizen suit provision of the Clean Air Act, which contains the same statutory language as the RCRA citizen suit provision.  Reply, p. 5 n.2.

conclude that Congress accords a particular agency action such high priority as to impose upon the agency a 'categorical mandate' that deprives it of all discretion over the timing of its work." Id., 828 F. 2d at 791 (footnote omitted).

As for the second provision relied on by Trustee, 40 C.F.R. § 239.13(b) ("Upon receipt of substantive information sufficient to indicate that a state program may no longer be adequate, the Regional Administrator shall inform the state in writing of the information"), the court also agrees with EPA that the language of this regulation evidences the discretionary nature of EPA's authority to act.  Since Trustee has not shown that EPA has obtained information sufficient to indicate that Oklahoma's program may no longer be adequate, any duty to inform the state of such information has not been triggered.  Further, Trustee has directed the court to no authority which would lead the court to believe that the duty allegedly imposed by this provision would be a mandatory one.  Indeed, as pointed out by EPA, the Tenth Circuit has ruled, in a citizen suit brought under the Clean Water Act, that similar "shall" language appearing in an enforcement provision did not impose a mandatory duty on the part of the agency.  Amigos Bravos v. EPA, 324 F.3d 1166, 1171 (10th Cir. 2003).

The provisions relied upon by Trustee fail to provide an adequate basis for federal court jurisdiction.  Trustee has not sufficiently alleged the breach of a nondiscretionary duty on the part of EPA.  Because Trustee's claims are not based on EPA's failure to perform duties that are mandatory under RCRA, the

claims against EPA must be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  In the alternative, the Trustee's claims against EPA are dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly, EPA's Motion to Dismiss **[Doc. No. 32]** is **GRANTED**, as more fully set forth above.  EPA is dismissed as a party from this action.

It is so ordered this 28th day of March, 2008.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge