IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI Y. STEPHENS, Trustee of the Stephens Children's Trust,       )<br>)<br>)<br>     Plaintiff,      )<br>)<br>v.      )<br>)<br>CITY OF ANADARKO, a Municipal )<br>Corporation; J. T. McCasland, Trustee )<br>of the ANADARKO PUBLIC WORKS )<br>AUTHORITY, a public Trust; )<br>ENVIRONMENTAL PROTECTION )<br>AGENCY; and )<br>OKLAHOMA DEPARTMENT OF )<br>ENVIRONMENTAL QUALITY, )<br>)<br>     Defendants.      ) | Case No. CIV-06-1357-L |

## O R D E R

Plaintiff Vicki Y. Stephens as Trustee of the Stephens Children's Trust

("Trustee") brings this action alleging violations of certain applicable rules,

regulations and statutes with respect to a landfill located on property owned by

Trustee in Caddo County, Oklahoma. This matter is before the court on **(1)** the

Motion to Dismiss of Defendants City of Anadarko and the Anadarko Public

Works Authority ("City Defendants") **[Doc. No. 47]** and **(2)** the Defendant

Oklahoma Department of Environmental Quality's ("ODEQ's") Motion to Dismiss

**[Doc. No. 46]**.   The Trustee filed a Combined Response to the Motions to

Dismiss filed by the City Defendants and ODEQ and reply and surreply briefs

were filed.  The court has carefully reviewed the Complaint as well as the briefs submitted by the parties.  Based upon this review, the court determines that dismissal of Trustee's claims against the City Defendants and ODEQ is not appropriate at this time.

Trustee's action is brought pursuant to the "citizen suit" provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a). Defendants move for dismissal due to lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The City Defendants argue that (1) Counts 1 through 5 of the Complaint must be dismissed because the Trustee failed to satisfy the jurisdictional notice requirements of the RCRA; (2) Counts 1 through 5 must be dismissed because the Trustee has failed to properly allege standing; (3) Counts 2 through 5 must be dismissed because the Complaint fails to state a claim for these claims under RCRA; (4) Counts 1 through 5 must be dismissed because the Complaint states only actions that are "wholly past" and not capable of repetition; (5) the citizen suit provision of the RCRA does not authorize suit against private parties for failure to comply with regulations applied retroactively; and (6) if the RCRA claims are dismissed, the court should decline to exercise supplemental jurisdiction over the state law claims (Counts 6 through 8).

ODEQ argues that the court should give deference to ODEQ's

determination that the regulations which the Trustee alleges ODEQ has failed to enforce do not apply to the City Defendants, thus the Trustee's claims should be dismissed.  Additionally, ODEQ adopts and incorporates the City Defendant's arguments and authorities as they relate to allegations against ODEQ in Counts I through 5 of the Trustee's Complaint.

The Tenth Circuit has explained that Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks and factual attacks.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  When considering a facial attack to the complaint, the court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts without converting the motion into a motion for summary judgment under Fed. R. Civ. P. 56.  Id.  Motions under Rule 12(b)(1) should not be treated as Rule 56 motions unless the jurisdictional question is intertwined with the merits of the case.  Id. at 1003.  Even if the substantive claim and the jurisdictional question arise out of the same statute, the court should not convert a 12(b)(1) motion into a summary judgment motion unless "the jurisdictional question requires resolution of an aspect of the substantive claim."  Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003) (citation omitted).

In considering a motion for dismissal under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Beedle v. Wilson, 422 F.3d 1059,

1063 (10th Cir. 2005).  In order to survive a motion to dismiss under Rule

12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face."  <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).  If

the plaintiff fails to nudge its claims across the line from conceivable to plausible,

the complaint must be dismissed.  <u>Id.</u>  When an undisputed document aids the

court by supplementing a factually inadequate complaint, the document is

properly considered on a Rule 12(b)(6) motion to dismiss.  <u>Hall v. Bellmon</u>, 935

F.2d 1106, 1112-13 (10th Cir. 1991).

First, the court considers defendants' argument that the court does not

have jurisdiction because plaintiff did not satisfy the RCRA's mandatory pre-

litigation notice requirements.[1]  It is well established that pursuant to 40 C.F.R. §

254.3, the notice must include sufficient information to permit the recipient to

identify:

(1) the specific permit, standard or regulation, condition, requirement, or

order which has allegedly been violated;

(2) the activity alleged to constitute a violation;

(3) the person or persons responsible for the alleged violation;

---

[1]     Although the City Defendants' motion refers to the notices as exhibits to the Trustee's
Complaint, the court notes that no exhibits were attached to the Complaint.  Rather, the notices and
supplemental notices at issue in this case were attached to Trustee's Combined Response to the
defendants' dismissal motions.  Because these documents are not in dispute and must be reviewed in
order for the court to determine the preliminary issue of jurisdiction and proper notice, the court finds it
appropriate to consider the documents at this stage of the proceedings, and such consideration does not
convert the dismissal motions into motions for summary judgment.

(4) the location of the alleged violation;

(5) the date or dates of such violation; and

(6) the full name, address, and telephone number of the person giving

notice.

The court has carefully reviewed the notices and supplemental notices sent

to the City Defendants and ODEQ, which are attached as Exhibits 1 through 4 to

Trustee's Combined Response [Doc. No. 51].  The notices set forth in some

detail the specific regulations under RCRA and the Oklahoma Administrative

Code that were allegedly violated.  The notices adequately describe the conduct

that allegedly violated the specified regulations and indicate the person or

persons responsible for the alleged violations.  The location of the alleged

violations are clearly described.  The identifying information of the Trustee is

clearly provided.  The court finds that the notices and supplemental notices

adequately specified how the defendants' alleged conduct violated identifiable

regulations.

The supplemental notices to the City Defendants and ODEQ, Exhibits 3

and 4 to Trustee's Combined Response, clearly state that the initial notices,

Exhibits 1 and 2 to Trustee's Combined Response, are "incorporated herein for

all purposes" and the supplemental notices are, not surprisingly, supplemental to

the original notices.  The defendants claim that they were "thoroughly confused"

by the Trustee's notices because they were inconsistent and did not reference

each other, resulting in no notice at all.  However, the court finds that defendants'
professed confusion cannot be squared with the language of the supplemental
notices which clearly provides that the supplemental notices were intended to
supplement, not to replace or supersede, the original notices.  Therefore, to the
extent several of defendants' arguments are based upon a reading of the
supplemental notices only, in isolation, they are unavailing and do not provide a
basis for dismissal.

The court also rejects the contention that the notices are deficient because
they fail to provide the dates of the alleged violations. As noted by the Trustee,
the majority of the violations alleged by the Trustee involve defendants' failure to
act, rendering it difficult or impossible for Trustee to identify a specific date for the
omission.  Perhaps more importantly, it is apparent from the notices that Trustee
believes that the date April 8, 1994 is particularly significant.  In general, the
Trustee alleges that if solid waste was disposed of at the landfill after April 9,
1994, certain more burdensome new regulations, known as The October 9, 1993
Regulations, would apply to the landfill. The Trustee alleges that the City
Defendants disposed of solid waste on the landfill premises after April 9, 1994,
thus The October 9, 1993 Regulations are applicable.  In light of Trustee's
position, once it is alleged that solid waste was disposed of at the landfill after
April 9, 1994, further specificity as to dates is not particularly necessary.
Therefore, while in some cases the failure to identify a date of an alleged violation

would render the notice insufficient, this is not such a case.  In short, the court

finds that Trustee's notices and supplemental notices to the City Defendants and

ODEQ included sufficient information to permit the recipients to identify the

specific permit, standard or, regulation, condition, requirement, or order which

had allegedly been violated, the activity alleged to constitute a violation, the

person or persons responsible for the alleged violation, the date or dates of the

violation, and the full name, address, and telephone number of the person giving

notice.  The court understands that the defendants disagree with the Trustee's

theories of the case, however, the court finds that this does not render the notices

and supplemental notices themselves insufficient.   Whether Trustee is able to

eventually prove the allegations is not appropriate for resolution at this stage,

since discovery has been stayed pending the court's ruling on threshold issue of

jurisdiction.  Further, defendants' arguments would require the court to resolve

factual issues, an undertaking which is also not appropriate at the motion to

dismiss stage.

        Turning to the issue of standing, the parties are in agreement that a plaintiff

has standing under Article II of the U.S. Constitution when (1) it has suffered an

injury in fact – an invasion of a legally protected interest which is (a) concrete and

particularized, and (b) actual or imminent, not conjectural or hypothetical; (2)

there is a causal connection between the injury and the conduct complained of –

the injury must be fairly traceable to the challenged action of the defendant, not

the result of the independent action of some third party not before the court; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992) (citations omitted). The party invoking federal jurisdiction bears the burden of establishing these elements with the manner and degree of evidence required at the successive stages of litigation. <u>Id.</u> at 561. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. <u>Id.</u>

Mindful of this authority as well as the standards for granting a motion to dismiss as outlined above, the court finds that the Trustee's Complaint contains sufficient allegations to establish standing, *i.e.*, Trustee has alleged injury in fact, causation, and the likelihood that the alleged harm will be redressed by a favorable ruling. Furthermore, the court finds that to adopt the defendants' arguments on standing would require the court to accept as undisputed certain facts that, at this point, appear to be in dispute. While the court finds that the Trustee has established standing to proceed with this lawsuit, it would be inappropriate for the court to resolve factual issues at this stage of the proceeding.

As for the remainder of the arguments presented by the City Defendants and ODEQ, the court agrees with the Trustee that the defendants appear to be prematurely seeking a dispositive ruling on the issues presented. For instance,

the questions of whether and when solid waste was accepted at the landfill cannot be definitively answered at this time.  The fact-based arguments made by the defendants are more amenable to resolution in the context of summary judgment motions, properly made and supported after a reasonable period of discovery.

The Trustee's Complaint should not be dismissed for lack of jurisdiction or for failure to state a claim.  Accordingly, the Motion to Dismiss of Defendants City of Anadarko and the Anadarko Public Works Authority ("City Defendants") **[Doc. No. 47]** and the Defendant Oklahoma Department of Environmental Quality's ("ODEQ's") Motion to Dismiss **[Doc. No. 46]** are both **DENIED**, as more fully set forth above.  By separate order, this matter will be set for a status/scheduling conference on the court's next available docket.

It is so ordered this 20th day of June, 2008.

_Tim Leonard_

TIM LEONARD
United States District Judge